Satnam SINGH, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–71022, A76–726–663.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2004.[*]

Decided June 18, 2004.

Patrick O. Cantor, Esq., Buttar & Cantor, LLP, Seattle, WA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Terri J. Scadron, Esq., Earle B. Wilson, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before BRUNETTI, McKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM **

This petition for review arises out of the Board of Immigration Appeals' ("BIA") denial of Satnam Singh's applications for asylum and withholding of removal under Immigration and Nationality Act ("INA") §§ 208(a) and 241(b)(3), 8 U.S.C. §§ 1158(a), 1231(b)(3), and protection under the Convention Against Torture ("CAT"), 8 C.F.R. §§ 208.16(c), 208.18 (2202). We have jurisdiction to review the BIA's decision under INA § 242(b), 8 U.S.C. § 1252(b), and we deny the petition for review.

### 1. Denial of asylum, withholding of removal, and CAT relief

■ The BIA did not err by denying Singh's applications for asylum, withholding of removal and CAT relief. We review the BIA's findings under the deferential substantial evidence standard and will uphold them unless the evidence compels a contrary result. *Hernandez–Montiel v. INS,* 225 F.3d 1084, 1090 (9th Cir.2000).

The BIA concedes that Singh established past persecution. The BIA rested its dismissal of all aspects of Singh's appeal on its finding of changed conditions in India; thus, although Singh's claims implicate different tests, in this case, all three claims rise and fall on whether the INS' evidence of changed conditions was "substantial."

The INS submitted substantial evidence that Singh would be neither persecuted, tortured, nor otherwise endangered should he return to India, because changed conditions in the country make persecution of Singh based on the fact that he is Sikh and

a member of the All India Sikh Student Federation ("AISSF") highly unlikely. Although Singh submitted countervailing evidence, the BIA reasonably found that his evidence was not current enough to rebut the INS' more recent evidence of changed conditions. Thus, the BIA did not err in dismissing Singh's asylum, withholding of deportation, and CAT claims in this case.

### 2. Due process claims

■ Singh's due process claims are similarly unpersuasive. Although "[a]n alien is entitled to the fifth amendment guaranty of due process, which is satisfied only by a full and fair hearing .... such a hearing is denied only if the error complained of causes the alien to suffer some prejudice." *Cuadras v. INS,* 910 F.2d 567, 573 (9th Cir.1990). Singh has not shown that the IJ's denial of his motion for a continuance or the BIA's failure to analyze his CAT claim prejudiced him.

Singh provides no evidence that the IJ's denial of his motion for continuance resulted in a less than "full and fair" hearing. Importantly, Singh's attorney informed the IJ that he was "satisfied that [he] could adequately represent [Singh] in these proceedings." And, beyond pointing out that the IJ admonished his attorney for using leading questions, Singh does not explain how his attorney's performance was so ineffective that the court's refusal to give his attorney more time to prepare for the hearing prejudiced Singh.

Because the BIA's changed conditions finding applies equally to Singh's CAT claim as to his asylum and withholding of deportation claims, Singh fails to explain how the BIA's declining to explicitly analyze his CAT claim prejudiced him in any

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

way, let alone resulted in an unfair hearing.

Petition DENIED.

---

* The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.